**Opinion filed July 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00131-CV
_____

## WP LIQUIDATING, LTD.; WPL-GP, LLC; AND ROBERT N. THOMPSON, Appellants

## V.

## ANTHONY FENOGLIO, Appellee

**On Appeal from the 43rd District Court**
**Parker County, Texas**
**Trial Court Cause No. CV19-0938**

## O P I N I O N

This case involves a limited partner's suit to inspect the books and records of the partnership.[1]  Appellants, WP Liquidating, Ltd., (WPL); WPL-GP, LLC, (WPL-GP); and Robert N. Thompson, appeal a summary judgment in favor of Appellee, Anthony Fenoglio, enforcing his contractual and statutory rights as a

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).  Therefore, as the transferee court, we must decide the issues raised in this appeal in accordance with the precedent of the Second Court of Appeals if its precedent conflicts with ours.  *See* TEX. R. APP. P. 41.3.

limited partner to inspect WPL's books and records. In four issues, which we reframe in our opinion as two issues with sub-issues, Appellants argue that the trial court erred: (1) in granting summary judgment because (a) there is a fact issue as to whether Fenoglio had an improper purpose to inspect WPL's records, (b) the partnership agreement permits the general partner to condition inspection on Fenoglio agreeing to keep the information confidential and limit use of the information to his stated purpose, and (c) the trial court allowed Fenoglio to raise new summary judgment grounds in a reply brief; as well as (2) in awarding Fenoglio attorney's fees and costs. We affirm the trial court's judgment.

## I. *Factual and Procedural Background*

WPL-GP entered into an agreement with its limited partners, including Fenoglio, to create the limited partnership WPL. Thompson, WPL-GP, Fenoglio, and other limited partners later entered into the Amended and Restated Partnership Agreement of WPL (partnership agreement). WPL-GP, whose sole member is Thompson, is the general partner of WPL. Fenoglio is a limited partner in WPL. Section 7.1(a) of the partnership agreement provided:

> The books and records of the Partnership shall, at the cost and expense of the Partnership, be kept or caused to be kept at the principal place of business of the Partnership, and shall be available for inspection by any Partner. . . . The General Partner shall maintain the records required to be kept pursuant to [Section] 153.551 of [the Texas Business Organizations Code].

On December 7, 2018, Fenoglio made a written request to WPL for access to books and records based on concerns that WPL-GP and Thompson were engaging in gross negligence or willful misconduct in managing WPL. Fenoglio became concerned after receiving a balance sheet that showed Thompson received distributions of $7,029,170.83, while Fenoglio received $2,442,271.01, despite Fenoglio having greater capital in WPL than Thompson. Fenoglio also received a shareholder analysis that provided figures that were inconsistent with the balance sheet and that

2

failed to explain the disproportionate distributions. A few months later, a liquidity event occurred involving the redemption of shares of stock in a corporation held by WPL. Fenoglio later received a wire of funds from WPL, which he believed was related to the conversion and redemption of the shares. Fenoglio claimed that he had not received an accounting relating to these events.

Appellants responded to Fenoglio's request to access WPL's books and records on January 4, 2019, by providing copies of correspondence relating to the redemption of the shares. Fenoglio made four additional written requests to inspect WPL's books and records between February 27, 2019, and June 25, 2019 "for the purpose of determining whether the assets of [WPL] have been properly managed and whether the revenue and expenses of [WPL] have been properly accounted for and . . . allocated." Appellants did not grant any of these requests. Appellants offered differing reasons for not allowing inspection: (1) asking whether Fenoglio's interest in WPL was transferred to his ex-wife in a divorce that was finalized in 2013; (2) informing that the records contain proprietary and financial information concerning other partners, necessitating that Fenoglio execute a confidentiality agreement; and (3) suspicion that Fenoglio's request was for the improper purpose of using the information in litigation against WPL.

Appellants proposed a confidentiality agreement, which stated that everything that Fenoglio requested constituted confidential information, while also requiring that Fenoglio use the documents and records exclusively for the sole purpose of determining whether the assets of WPL have been properly managed and whether the revenue and expenses of WPL have been properly accounted for and allocated. Appellants stated that WPL-GP, by way of Thompson, was acting pursuant to Section 6.2 of the partnership agreement which stated that: "The General Partner shall perform its duties . . . with ordinary prudence and in a manner characteristic of a businessman in similar circumstances." Fenoglio declined to sign the

confidentiality agreement and Appellants cited this refusal as an additional reason for not allowing him access to WPL's books and records.

Fenoglio filed suit on July 16, 2019, seeking to enforce his right to inspect WPL's books and records, while asserting causes of action for breach of the partnership agreement and a violation of Section 153.522 of the Texas Business Organizations Code.  *See* TEX. BUS. ORGS. CODE ANN. § 153.552 (West Supp. 2025).[2]  Appellants filed an answer, generally denying Fenoglio's allegations and specifically denying that Fenoglio was acting in good faith and had a proper purpose for inspecting WPL's books and records, as well as asserting his lack of good faith and proper purpose as a defense.  Appellants alleged that Fenoglio sought the books and records for use in other litigation, to harass or harm WPL and its partners, and in bad faith due to a "long, disagreeable relationship between the partners."  Appellants filed a motion to transfer venue from Parker County to Denton County on August 9, 2019.  Following discovery disputes, the parties reached an agreement in August 2020, whereby Appellants withdrew the motion to transfer venue and Fenoglio declined to file a motion to compel discovery.

Fenoglio filed a combined traditional and no-evidence motion for summary judgment on April 26, 2021.  The motion was supported by the following evidence: (1) Fenoglio's affidavit; (2) the partnership agreement; (3) partnership records; (4) Fenoglio's divorce decree; and (5) the affidavits of David J. Goodman and Levi M. Dillon, Fenoglio's attorneys, with attached correspondence.  Fenoglio argued that under Section 7.1 of the partnership agreement, he had an absolute contractual right to inspect and copy WPL's books and records, which Appellants continually breached by refusing Fenoglio's request.  Fenoglio also argued that,

---

[2]Unless otherwise specified, all statutory references in this opinion are to the versions in effect when the suit was filed in July 2019.  *See* GOV'T § 311.022 (West 2013) ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").

4

under Section 153.552 of Texas Business Organizations Code, he had a proper purpose to inspect and copy WPL's books and records, yet Appellants refused his requests. Fenoglio claimed that he was entitled to reasonable attorney's fees of $120,570 and contingent appellate fees, pursuant to either Chapter 38 of the Texas Civil Practice and Remedies Code or Section 153.5521 of the Texas Business Organizations Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001–.006 (West 2015 & Supp. 2025); § BUS. ORGS. § 153.5521 (West 2020). For the no-evidence portion of his motion, Fenoglio argued that Appellants had no evidence to support their defense that Fenoglio's request to inspect WPL's books and records was denied because it was made for an improper purpose.

Appellants filed a response to Fenoglio's summary judgment motion, supported by the following evidence: (1) Thompson's declaration; (2) legal documents from Fenoglio's "Canadian Litigation"; (3) Fenoglio's inspection request dated February 27, 2019; (4) WPL's letter requesting Fenoglio to limit disclosure and only use the books and records for his stated purpose; and (5) the declarations of WPL's limited partners and accountant. Appellants argued that Fenoglio could not prevail on his breach-of-contract claim because WPL-GP complied with its contractual obligation under Section 6.2 of the partnership agreement to "perform its duties . . . with ordinary prudence and in a manner characteristic of a businessman in similar circumstances" by conditioning Fenoglio's Section 7.1 inspection request on his signing of a proposed confidentiality agreement. Appellants explained that because Fenoglio could not prevail on his claim when the two provisions of the partnership agreement were properly reconciled, there at least existed a fact issue in this regard; and, alternatively, the two provisions showed an ambiguity in the partnership agreement. Appellants argued that Texas appellate courts have held that conditioning access to books and records upon an agreement that the information will be kept confidential is reasonable. Appellants further maintained that there was

5

a fact issue as to whether Fenoglio had an improper purpose for inspecting WPL's books and records, citing the existence of a lawsuit by Fenoglio against Thompson. Finally, Appellants argued that legal and factual issues precluded summary judgment on Fenoglio's request for attorney's fees.

Fenoglio filed a reply to Appellants' response and raised various objections to Appellants' summary-judgment evidence. Appellants filed an objection to, and motion to strike, Fenoglio's reply, alleging that it impermissibly raised new grounds for summary judgment.

Following a hearing, during which the trial court stated it would not consider any new summary judgment grounds contained in Fenoglio's reply, it signed an order granting Fenoglio's traditional and no-evidence motion for summary judgment, while leaving the attorney's fees to be determined later. The parties filed a joint motion for entry of final judgment "[t]o avoid the burden and expense of trial and obtain entry of a final appealable judgment." Pursuant to the parties' agreement, the trial court signed a final judgment, awarding $120,000 in attorney's fees and $296 in costs against WPL and WPL-GP, but not Thompson. This appeal ensued.

## II. *Partnership Records*

In their first issue, Appellants argue that the trial court erred in granting summary judgment on Fenoglio's claims seeking inspection of WPL's books and records. Appellants argue that the trial court's summary judgment ruling was erroneous for three reasons: (1) there is a fact issue regarding whether Fenoglio had an improper purpose for inspecting the books and records; (2) the partnership agreement required the general partner to perform its duties with ordinary prudence, which permits the general partner to condition inspection on Fenoglio agreeing to keep the information confidential and limit use of the information to his stated purpose; and (3) the trial court allowed Fenoglio to raise new summary judgment grounds in a reply brief. We address each argument in turn.

6

A. *Standard of Review*

We review de novo the trial court's ruling on a summary judgment motion. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment bears the burden of proving that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).[3] A plaintiff movant must conclusively prove all essential elements of its cause of action as a matter of law. *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021). "Evidence is conclusive only if reasonable people could not differ in their conclusions." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). If the movant meets its burden, then the burden shifts to the non-movant to present to the trial court any issues or evidence that would preclude summary judgment. *Duncan v. Hindy*, 590 S.W.3d 713, 719 (Tex. App.—Eastland 2019, pet. denied) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)).

After an adequate time for discovery, a party may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). We review a no-evidence motion for summary judgment under the same legal sufficiency standard as a directed verdict. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Under this standard, the nonmovant has the burden to produce more than a scintilla of evidence to support each challenged element of its claims. *Id.* Evidence is no more than a

---

[3]We note that the Texas Supreme Court has recently revised Rule 166a. Although the "rewrite is not intended to substantively change the law," it has resulted in a renumbering of the provisions of the rule. *See* Final Approval of Amendments to Rule 166a of the Texas Rules of Civil Procedure, Misc. Docket No. 26-9012 (Tex. Feb. 27, 2026). The amendments to this rule only apply to motions for summary judgment filed on or after March 1, 2026. Because Fenoglio's motion for summary judgment in this case was filed prior to that date, we refer to the rule in effect at the time the motion was filed. *See id.*

scintilla if it is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Fenoglio moved for no-evidence summary judgment on Appellants' defense that Fenoglio had an improper purpose for inspection, but we keep in mind that Fenoglio bore the ultimate burden to establish a proper purpose by way of his traditional summary-judgment motion. *See Estate of Smith v. Ector Cnty. Appraisal Dist.*, 480 S.W.3d 796, 799 (Tex. App.—Eastland 2015, pet. denied) (explaining that only a party without the burden of proof may move for no-evidence summary judgment).

B. *Applicable Law*

A partner has a statutory right to inspect the books and records of a limited partnership. *See Raider Ranch, LP v. Lugano, Ltd.*, 579 S.W.3d 131, 135 (Tex. App.—Amarillo 2019, no pet.). Chapter 153 of the Texas Business Organizations Code governs limited partnerships. BUS. ORGS. §§ 153.001–.555. Partnerships are required to maintain certain records in their principal office. *Id.* § 153.551. While Section 153.552(a) has been subject to multiple legislative iterations that do not change the outcome of this appeal,[4] as of the date of the trial court's final judgment, the right of a limited partner to inspect those records was as follows:

---

[4]As noted above, all statutory references in this opinion are to the versions in effect when the suit was filed in July 2019. GOV'T § 311.022. For reference, at the time of the requests and the filing of the petition, effective January 1, 2006, the statute provided:

> On written request stating a proper purpose, a partner or an assignee of a partnership interest may examine and copy, in person or through a representative, records required to be kept under Section 153.551 and other information regarding the business, affairs, and financial condition of the limited partnership as is just and reasonable for the person to examine and copy.

Act of May 13, 2003, 78th Leg., R.S., ch. 182, §§ 1, 17, 2003 Tex. Gen. Laws 267, 548, 597.

When the trial court entered its final judgment on March 27, 2025, the statute provided:

> On written demand stating a proper purpose, a partner or an assignee of a partnership interest in a limited partnership is entitled to examine and copy, at a reasonable time at the

> [O]n written demand stating a proper purpose, a partner or an assignee of a partnership interest in a limited partnership is entitled to examine and copy, at a reasonable time at the partnership's principal office . . . or other location approved by the partnership and the partner or assignee, any records of the partnership, whether in written or other tangible form, which are reasonably related to and appropriate to examine and copy for that proper purpose.

*Id.* § 153.552(a), (b). Importantly, "a partnership agreement may not validly waive or modify Section 153.551 or unreasonably restrict a partner's right of access to books and records under Section 153.552." *Id.* § 153.004(a)(3).[5] A partnership may raise as a defense to an action to enforce the right of inspection that the limited partner "was not acting in good faith or for a proper purpose in making the person's request for examination." *Id.* § 153.5521(b)(2).

There is little case law interpreting a limited partner's statutory inspection rights, but similar provisions applying to corporations and other entities have been examined often by Texas courts. *See Gilbreath v. Horan*, 682 S.W.3d 454, 477,

---

partnership's principal office identified under Section 153.551 or other location approved by the partnership and the partner or assignee, any records of the partnership, whether in written or other tangible form, which are reasonably related to and appropriate to examine and copy for that proper purpose. Act of Apr. 28, 2023, 88th Leg., R.S., ch. 27, § 57, 2023 Tex. Gen. Laws 40, 54–55, 60 (eff. Sep. 1, 2023).

Subsequent to the trial court's final judgment, the statute was amended again; effective May 14, 2025, and, in relevant part, currently provides:

> Unless otherwise provided by the governing documents of a limited partnership, on written demand stating a proper purpose, a partner or an assignee of a partnership interest in a limited partnership is entitled to examine and copy, at a reasonable time at the partnership's principal office . . . or other location approved by the partnership and the partner or assignee, any records of the partnership, whether in written or other tangible form, which are reasonably related to and appropriate to examine and copy for that proper purpose.

Bus. Orgs. § 153.552.

[5]This reflects the version of the statute in place at the time that Fenoglio filed his petition in the trial court. Before the trial court signed its final judgment in the matter, the statute had been amended to read: "a partnership agreement may not validly waive or modify Section 153.551 or unreasonably restrict a partner's or assignee's rights under Section 153.552." Neither version would have changed the result of our opinion.

526–27 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) (holding that there is some evidence that a partner requested access for a proper purpose—the purpose of conducting a forensic audit to make sure the business and finances were being properly managed). Like a limited partner, "[a] shareholder enjoys the right to examine and copy certain records of the corporation in which the shareholder owns shares." *In re Elusive Holdings, Inc.*, 641 S.W.3d 498, 501 (Tex. App.—Austin 2021, orig. proceeding). "That right exists by statute, and at common law." *Id.* (internal citations omitted). It may be enforced by a civil suit that "is generally regulated by the same rules of procedure as other civil actions." *Id.* (quoting *Uvalde Rock Asphalt Co. v. Loughridge*, 425 S.W.2d 818, 820 (Tex. 1968) (orig. proceeding)). Similar to the law governing limited partnerships, Section 21.218(b) conditions a shareholder's inspection right on stating a "proper purpose" for the request, and Section 21.222(b)(4) allows corporations to assert an improper purpose defense. *See* BUS. ORGS. §§ 21.218(b), .222(b)(4). Where confidential records are at issue, trial courts may enter protective orders limiting disclosure. *See, e.g.*, *Gaughan v. Nat'l Cutting Horse Ass'n*, 351 S.W.3d 408, 420 (Tex. App.—Fort Worth 2011, pet. denied); *Citizens Ass'n for Sound Energy v. Boltz*, 886 S.W.2d 283, 287 (Tex. App.—Amarillo 1994, writ denied); *Prof'l Microfilming, Inc. v. Houston*, 661 S.W.2d 767, 770 (Tex. App.—Fort Worth 1983, no writ).

Investigating suspected financial mismanagement and protecting investment in the business by evaluating share value are proper purposes for an inspection. *See, e.g.*, *Chavco Inv. Co., Inc. v. Pybus*, 613 S.W.2d 806, 808 (Tex. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.) (concluding that a proper purpose was present for a shareholder wishing "to determine whether the rental on a building, the principal asset of the corporation, was a reasonable rental or whether the rental was so unreasonably low as to result in corporate waste"); *Biolustre' Inc. v. Hair Ventures LLC*, No. 04-10-00360-CV, 2011 WL 540574, at *3 (Tex. App.—San Antonio

10

Feb. 16, 2011, no pet.) (mem. op.) ("In view of Hair Ventures's substantial investment and interest in the company, obtaining information about the financial position of the company and its proposed public offering was a proper purpose for inspecting the records.").

In the context of summary judgment, once a plaintiff establishes that (1) they have a statutory right to inspection, (2) they have asserted that right, (3) the request is for a proper purpose, and (4) the business entity denied the request, the burden then shifts to the defendant to "allege specific facts showing [the] lack of proper purpose[, or that it is pretext for an *improper* purpose,] and support those allegations with summary judgment evidence." *Boltz*, 886 S.W.2d at 289–90 (applying a similar statute governing a member's right to inspection of a nonprofit corporation's records). To show an improper purpose, the party invoking the defense must establish by proof "a state of facts sufficient to convince the court that the stockholder is not seeking the information which might be revealed by the desired inspection for the protection of his interest as a stockholder, or that of the corporation, but that he is actuated by corrupt or unlawful motives." *Moore v. Rock Creek Oil Corp.*, 59 S.W.2d 815, 818 (Tex. Comm'n App. 1933); *see also Third Eye, Inc. v. UST Glob. Inc.,* No. 05-22-00334-CV, 2023 WL 3243482, at *3 (Tex. App.—Dallas May 4, 2023, pet. denied) (mem. op.). Evidence showing that a request was made to obtain an advantage in an area in which the requestor is a business competitor and to continue a program of harassment of the business entity is sufficient to raise a fact issue as to whether an improper purpose exists. *See Uvalde Rock*, 425 S.W.2d at 819–20; *see also Elusive Holdings*, 641 S.W.3d at 503 (concluding that there was a fact issue regarding improper purpose where there was evidence that the requestor had taken and refused to return corporate documents and usurped the corporation's business opportunities for his new business); *In re Dyer Custom Installation, Inc.*, 133 S.W.3d 878, 882–83 (Tex. App.—Dallas 2004, orig.

proceeding) (concluding that testimony that the requestor, while serving as president of the corporation, made improper cash payments to himself and others, failed to maintain financial records, engaged in conduct detrimental to the company, and threatened to put the company out of business was sufficient to raise a fact issue as to improper purpose).

Conversely, "[t]he mere fact that stockholders seeking an inspection are on unfriendly terms with the company is no ground for denying their statutory right of inspection of the books of the corporation." *Moore* 59 S.W.2d at 818 (collecting cases). "Nor is it any reason for denying such examination that plaintiffs in error hope to find something alarming in the affairs of the company, which they intend to communicate to other stockholders." *Id.* And "[c]onclusionary statements such as the existence of bad faith, improper purpose, or a disagreeable relationship, are not sufficient to raise a fact issue." *Chavco*, 613 S.W.2d at 809; *see also Boltz*, 886 S.W.2d at 289 ("antagonism" or "hostility" between shareholder and corporation does not demonstrate an improper purpose); *Shioleno v. Sandpiper Condos. Council of Owners, Inc.*, No. 13-07-00312-CV, 2008 WL 2764530, at *4, *6 n.14 (Tex. App.—Corpus Christi–Edinburg July 17, 2008, no pet.) (mem. op.) (concluding that the corporation did not plead or present evidence of any lack of proper purpose). Otherwise, "a corporation that desired to defeat the right of its stockholders to inspect the books, could do so by alleging the 'magic words' that the stockholder had 'improper purposes for wanting to inspect the books.'" *Chavco*, 613 S.W.2d at 809–10.

C. *Statutory Claim – Improper Purpose*

Appellants do not appear to challenge whether Fenoglio properly invoked his statutory right to inspection, but they argue that they presented evidence raising a genuine issue of material fact as to whether Fenoglio had an improper purpose for his request. They cite evidence that they contend shows that Fenoglio was

12

attempting to force Thompson to purchase Fenoglio's interest in WPL and other entities. Appellants also contend the evidence shows that Fenoglio seeks to use the inspection to harm WPL in Fenoglio's Canadian litigation or to violate the privacy rights of other limited partners. Appellants further assert that "[t]he mere fact that Fenoglio has refused to limit his use of the information to his Stated Purpose illustrates that his true intentions include something beyond the Stated Purpose" and case law permits "conditioning access to books and records upon confidentiality and use for a limited purpose." Fenoglio responds that many of Appellants' assertions are not supported by the evidence, and that the evidence does not otherwise raise a fact issue on the existence of an improper purpose.

Appellants point to the following categories of evidence that they contend creates a fact issue regarding improper purpose: (1) Fenoglio's communication with Thompson regarding the sale of Fenoglio's various business interests; (2) potential use of WPL records in the Canadian litigation; and (3) Fenoglio's refusal to sign the confidentiality agreement. The evidence shows that Fenoglio, through counsel sought clarification on what interests in certain companies that Thompson was proposing to purchase (none of which were WPL); there is no evidence these communications were an attempt to force Thompson to purchase his interests. Further, WPL is not a party to the Canadian Litigation. In reviewing the causes of action in the Canadian litigation, none appear to be based on any transactions of WPL.

At best, this evidence demonstrates that Fenoglio may be on unfriendly terms with WPL, or that he might hope to find something alarming in the affairs of WPL. *See Moore*, 59 S.W.2d at 818. There is no evidence that: Fenoglio sought to use the information to gain an advantage as a business competitor with WPL; he had engaged in a program of harassment; he had usurped WPL's business opportunities; or he had otherwise engaged in conduct detrimental to WPL's operations. *See, e.g.*,

13

*Uvalde Rock*, 425 S.W.2d at 819–20; *Elusive Holdings*, 641 S.W.3d at 503; *Dyer Custom Installation*, 133 S.W.3d at 882–83. Without a similar quantum of evidence, Appellants' statements regarding Fenoglio's improper purpose amounted to no more than conclusory allegations of "the existence of bad faith, improper purpose, or a disagreeable relationship, [which is] not sufficient to raise a fact issue." *See Chavco*, 613 S.W.2d at 809.

Further, Fenoglio's refusal to condition his inspection upon signing WPL's proposed confidentiality agreement is not evidence of an improper purpose. While Appellants argue that WPL is permitted to impose reasonable restrictions on Fenoglio's inspection rights, the cases they cite *do not* demonstrate that a partnership may demand a confidentiality agreement as a condition of disclosure; but rather, that a trial court *may* issue a protective order if it determines one is needed for the purposes put forth by Appellants. *See, e.g.*, *Gaughan*, 351 S.W.3d at 420; *Boltz*, 886 S.W.2d at 287; *Prof'l Microfilming*, 661 S.W.2d at 770. And Appellants do not argue on appeal that the trial court erred by not entering such an order.[6] *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006) ("Except for fundamental error, appellate courts are not authorized to consider issues not properly raised by the parties.").

For the foregoing reasons, we conclude that the trial court did not err in concluding that Fenoglio was entitled to summary judgment on his statutory claim.

---

[6]Appellants argued in the trial court that a protective order should issue only "if a jury ultimately decides that, despite the evidence to the contrary, Fenoglio has a proper purpose for examining [WPL's] books and records." Additionally, in their reply brief, Appellants argue for the first time that there is a fact issue whether their restrictions are reasonable. *McAlester Fuel Co. v. Smith Int'l, Inc.*, 257 S.W.3d 732, 737 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("An issue raised for the first time in a reply brief is ordinarily waived and need not be considered by this Court.").

D. *Breach of the Partnership Agreement*

Next, Appellants argue that the trial court erred in granting summary judgment on Fenoglio's claim for their breach of the partnership agreement because that agreement requires the general partner to act with ordinary prudence and in his sole discretion, which he did by requiring Fenoglio to sign a confidentiality agreement as a condition of inspection of the partnership's books and records. Appellants maintain that the issue of ordinary prudence presents a fact issue for the jury to decide, or alternatively, the inspection provision and ordinary prudence provision present an ambiguity creating a fact issue.

As previously set out, "a partnership agreement may not validly waive or modify Section 153.551 or unreasonably restrict a partner's right of access to books and records under Section 153.552." Bus. Orgs. § 153.004(a)(3). Logically, the inverse of this language implies that a partnership agreement may place reasonable restriction on a partner's statutory inspection right. *See id.* Here, Section 7.1(a) of the partnership agreement does not appear to explicitly impose any restrictions, reasonable or otherwise. That section merely states that such records "shall be available for inspection by any Partner." Further, as discussed above, Appellants rely on authority that a trial court may exercise its discretion in crafting an appropriate protective order, once a suit is filed. *See, e.g.*, *Gaughan*, 351 S.W.3d at 420; *Boltz*, 886 S.W.2d at 287; *Prof'l Microfilming*, 661 S.W.2d at 770. Consistent with the broad inspection rights afforded by statute, which a partnership agreement cannot unreasonably restrict, we believe the better practice is to place these concerns with the trial court and not with the discretionary powers of the general partner as set out in a partnership agreement. However, in the exercise of judicial restraint, we decline to conclusively decide this sub-issue. "In cases in which the judgment rests on multiple theories of recovery, an appellate court need not address all causes of action if any one theory is valid." *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d

15

121, 135 (Tex. App.—Fort Worth 2016, no pet.); *see Estate of Ewers*, 695 S.W.3d 603, 643 (Tex. App.—Houston [1st Dist.] 2024, no pet.); *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 870 (Tex. App.—Dallas 2008, no pet.). Given our conclusion that the trial court's final judgment is supported by Fenoglio's statutory claim, our resolution of this argument would not be dispositive. *See* TEX. R. APP. P. 47.1; *Chaudhry*, 501 S.W.3d at 135.

E.  *Untimely Summary Judgment Grounds*

Next, we address Appellants' argument that the trial court may have relied on the following untimely theories asserted by Fenoglio in his reply in support of his summary judgment motion: (1) the confidentiality agreement was void because it was exculpatory in nature; (2) Section 6.2 was unenforceable as it pertained to the statutory right to inspection; and (3) WPL-GP was liable for attorney's fees under the theory that a general partner of a limited partnership has the liability of a partner in a general partnership.

A summary judgment motion "must stand or fall on the grounds expressly presented in the motion." *Neeley v. Lyft, Inc.*, 731 S.W.3d 110, 128 (Tex. App.—Eastland 2026, no pet.) (quoting *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). Accordingly, a party moving for summary judgment may not wait to raise a new issue or ground for granting summary judgment in its reply. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Even assuming that Fenoglio's reply arguments raised new grounds for granting summary judgment, there is no indication that the trial court based its summary judgment ruling on these new grounds; in fact, it expressly disclaimed any intent to do so. Regardless, this court has not relied on those arguments in addressing the merits of the trial court's judgment. When, as here, "a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the

16

summary judgment grounds are meritorious." *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

We overrule Appellants' first issue.

## III. *Attorney's Fees*

In their second issue, Appellants argue that the trial court erred in awarding attorney's fees. Appellants explain that Section 38.001 of the Texas Civil Practice and Remedies Code does not allow for the recovery of attorney's fees against limited partnerships in lawsuits filed prior to September 1, 2021, and the trial court erred in granting summary judgment on all grounds that would support an award of attorney's fees. Fenoglio concedes that he is not entitled to attorney's fees for his breach-of-contract claim, but he asserts that attorney's fees are proper for his successful statutory inspection claim.

Section 153.5521 of the Texas Business Organizations Code provides for the recovery of attorney's fees for a successful suit to enforce the statutory right to inspection. BUS. ORGS. § 153.5521(a). Because we have affirmed summary judgment on Fenoglio's statutory claim and therefore rejected Appellants' improper purpose argument, and Appellants do not otherwise contest the award of fees for that claim, we overrule Appellants' second issue.

## IV. *This Court's Ruling*

We affirm the trial court's judgment.


W. BRUCE WILLIAMS

JUSTICE

July 23, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

17